McDonald *et al. v.* Spence *et al.*

(In Banc. Oct. 25, 1937.)

[176 So. 607. No. 32632.]

Jo Drake Arrington and J. F. Galloway, both of Gulf-port, and U. B. Parker, of Wiggins, for appellants.

J. L. Taylor, White & Morse, Gardner & Backstrom, and Geo. R. Smith, all of Gulfport, for appellees.

Smith, C. J., delivered the opinion of the court on motion to retax costs.

A motion has been made by the appellants to retax the costs on the appeal to this court, as taxed by the clerk thereof. The grounds of the motion are that the fees allowed to the clerk of the court below, and to the trial court reporter for the transcript of his notes of the evidence, are more than allowed by law therefor.

The allowance of the fees of these officials was made by the clerk of this court on a certificate of the clerk of the court below, which reads as follows:

"Statement Of Fees.

"To A. J. Ramsay, Clerk Circuit Court:

"For transcript fee, binding fees issuing S. C. Summons, express, certificates, etc.,   $172.50

"To Robert L. Murphy, official Court Reporter:

"For Court Reporter's transcript of the notes of the evidence, as per bill on file,   125.00

"To O. L. Meador, Sheriff:

"For executing and returning S. C. Summons,   10.00

"Total,   $307.50

"All of which has not been paid.

"[Signed] A. J. Ramsay,

"Clerk of the Circuit Court of Harrison County, Mississippi.

"By E. G. Lindsey, Deputy Clerk."

In taxing the costs the clerk of this court awarded the $307.50 to the clerk of the court below.

One of the movants' contentions is that the certificate of the clerk below, on which the clerk of this court taxed the costs, is not in accord with the governing statutes, and therefore the costs have not been properly taxed. Section 59, Code 1930, is as follows: "The clerk shall make a statement on the transcript of the record sent to the Supreme Court of the amount of his fee for such transcript, and whether or not it has been paid to him; and, if he shall not do this, the clerk of the Supreme Court shall not be required to issue execution for such costs, nor to demand and receive the same."

The certificate of the clerk below as to costs does not comply with this statute, for it does not state what his fee for making the transcript is, but simply certifies that his aggregate fees for making the transcript, and for other services, amount to $172.50. There seems to

be no statute requiring the reporter of the trial court to file a certificate of his fee for transcribing his notes of the evidence, so that the clerk of this court, in taxing the same, must be governed by the number of words appearing in the reporter's transcript. The reporter, however, should, in justice to the clerk of this court, indicate, by certificate or otherwise, what his fee is.

The taxation of costs accruing in this court is governed by section 685, Code 1930, which reads as follows: "When a cause shall be determined, the clerk of the court, and the justice of the peace in cases had before him, shall tax the costs of the case and make out a bill thereof, specifying therein each section of the law, and each paragraph or subdivision of section, if any, by virtue of which each fee or item of costs therein is charged or taxed, and he shall file the same with the papers in the cause." Until this statute is complied with no taxation of costs has been made. Section 686, Code 1930, provides that, "Fees and costs shall not be payable by any person until there be produced to the person chargeable with the same a bill, or account in writing, containing the particulars of such fees, signed by the clerk or officer, in which shall be intelligently expressed and specified each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each fee is charged." This statute cannot be complied with until the costs have been taxed in accordance with section 685. In justice to the clerk of this court, we will say that the method pursued by him here is that long pursued by his predecessors, and to which no litigant seems heretofore to have objected.

The taxation of costs here made, except in so far as it taxes the fees due the clerk of this court, will be set aside and held for naught. If the clerk of the court below desires, he may file a certificate with the clerk of this court, complying with section 59 of the Code; and the reporter of the court below may, if he desires, certify to this clerk the number of words in the transcript

made by him, and his fee therefor. The clerk of this court will then tax the costs, and, if his taxation thereof is unsatisfactory to a person interested therein, we will then entertain a motion for the retaxation thereof.

The motion here under consideration will be dismissed without prejudice to the movants.

So ordered.